EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JUAN BAUTISTA PAGÁN, acusado y apelante.

No. 5556.—*Sometido:* Noviembre 13, 1934. *Resuelto:* Noviembre 23, 1934.

*Carlos A. Babilonia,* abogado·del apelante; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

El Juez Asociado Señor Córdova Dávila, emitió la opinión del tribunal.

Juan Bautista Pagán, declarado culpable de un delito de libelo infamatorio y condenado a $20 de multa, recurre de la sentencia dictada en apelación por la Corte de Distrito de Aguadilla, alegando que ni la denuncia ni los hechos probados imputan al apelante delito alguno, que la corte inferior actuó movida por pasión y prejuicio y cometió manifiesto error al apreciar la prueba, que el veredicto es contrario a la misma, y que no debió admitirse la declaración del testigo Méndez Liciaga ni dejar de resolverse las objeciones de la defensa a ciertas preguntas formuladas por el fiscal.

En apoyo de la excepción de falta de hechos en la denuncia para imputar un delito público, alega el acusado que de la misma no se desprende que el supuesto libelo se dirige contra el denunciante, Sr. Esprívalo, que la denuncia no alega "que los hechos son contrarios al estatuto para tal caso hecho y formulado" y que no se expresa que el acusado voluntariamente publicara el referido libelo.

Aún cuando la denuncia que se ha formulado en este caso por la parte que se considera ofendida no constituye un modelo de acusación, de sus términos, sin embargo, se deduce claramente que las palabras que se consideran libelosas fueron dirigidas al propio denunciante José Esprívalo.

El delito atribuído al acusado consiste en la publicación de un artículo que el denunciante considera libeloso, en el periódico "El Liberal", que se edita y publica en Aguadilla. Este artículo, según la denuncia, fué publicado maliciosa y voluntariamente por el acusado con el fin expreso de impugnar la honradez, integridad y buena fama del referido José Esprívalo.

El escrito que se considera libeloso aparece inserto en la denuncia. En dicho escrito se barajan los nombres de Higinio López y Pepito Esprívalo, y a raíz de mencionar en último término al referido Esprívalo, se dice:

". . . Este señor, que cometió un ataque cobarde y criminal contra una infeliz mujer que sirvió con sus amores y cuidados a su padre, por lo que la Corte de Aguadilla lo sentenció a pagar cincuenta pesos de multa, siendo así un perturbador de la paz y tranquilidad comunal, pretendía que aquel escándalo continuara y tuviera, como pudo, a no ser por la ayuda de López y otros aguadillanos liberales, fatales consecuencias."

Luego se añade en la querella que el acusado escribió, mandó a publicar y publicó en el referido periódico el artículo de que se hace mención, con el único fin expreso y libeloso de exponer, como expuso, al denunciante al odio, desprecio y ridículo públicos, etc. La denuncia demuestra que las palabras libelosas fueron dirigidas al propio querellante y por esta razón se desestima en cuanto a este particular la excepción perentoria formulada por el acusado, quien además suscribió una estipulación que dice así:

"Las partes convienen y estipulan que el acusado admite todos los hechos de la denuncia relativos a la publicación de un libelo en el periódico 'El Liberal' que se editaba en 5 de noviembre de 1932 en el distrito de Aguadilla, dirigido dicho libelo a la persona del denunciante señor José Esprívalo, negando solamente en dicha denuncia que el autor de dicho artículo libeloso dirigido al señor José Esprívalo sea el acusado."

No tiene razón el acusado cuando dice que de la denuncia no surge que publicara voluntariamente el libelo. Las

palabras que de la querella copiamos a continuación expresan con claridad la publicación voluntaria por el acusado del artículo considerado libeloso:

"El referido acusado, Juan Bautista Pagán, voluntaria, maliciosa, ilegal y criminalmente, y a sabiendas de que cometía libelo, escribió e hizo publicar y se publicó en el periódico 'El Liberal', que se edita, publica y circula y que circuló en Aguadilla, P. R.. . . .

"El acusado escribió, mandó a publicar y se publicó en el indicado periódico el artículo a que se hace mención, con el único fin expreso y libeloso de exponer, como expuso, a este denunciante al odio, desprecio y ridículo público con la publicación del mismo. . . . ."

■ Estima además el acusado que la denuncia es defectuosa porque no se alega que los hechos son contrarios al estatuto para tal caso hecho y formulado. Basándonos en el criterio sostenido por esta corte en el caso de *El Pueblo* v. *Quintana*, 39 D.P.R. 197, se desestima esta objeción.

■ El segundo error atribuído a la corte inferior es, según el acusado, el eje, la base fundamental en que descansa la revocación de la sentencia. Se alega que la corte actuó movida por pasión y prejuicio, y que incurrió en manifiesto error al apreciar la prueba. La argumentación de la defensa gira principalmente sobre el hecho de haber declarado como testigo Andrés Méndez Liciaga, editor del periódico "El Liberal", quien fué acusado y absuelto en igual fecha del mismo delito atribuído al apelante. La responsabilidad que pudiese recaer sobre el Sr. Méndez Liciaga como editor del periódico donde se publicó el libelo no le incapacita para declarar como testigo contra el acusado Juan Bautista Pagán ni puede impedir que éste fuera declarado culpable del delito de que se le acusa, si en realidad resultan probados los hechos que se alegan en la denuncia.

■ El Sr. Méndez Liciaga declaró sin ser molestado. No se interpuso objeción alguna a las preguntas formuladas por el fiscal. Su declaración resulta además corroborada. Juan Bautista Pagán se limitó a negar que fuese autor del artículo

libeloso dirigido al Sr. José Esprívalo. Con excepción de este hecho todos los demás particulares de la querella quedaron aceptados en virtud de la estipulación autorizada por el propio acusado y el fiscal. Méndez Liciaga declaró que el acusado admitió ser autor del artículo, hecho que no le negó, porque no ignoraba que el testigo lo sabía.

Juan Wilfredo Borges, cajista de "El Liberal", manifestó que vió escribiendo en maquinilla al acusado, quien le entregó los papeles que acababa de escribir, entre los cuales figuraba el artículo libeloso.

No se ha demostrado que la corte actuara movida por pasión, prejuicio o parcialidad al apreciar la prueba. A nuestro juicio, se deduce de la misma que fué Juan Bautista Pagán quien escribió dicho artículo y quien autorizó y obtuvo su publicación. Debe desestimarse el error apuntado.

Se alega además que la corte cometió error al admitir la declaración de Méndez Liciaga sin que su nombre figurase al dorso de la denuncia como testigo. No debemos olvidar que se trata de una mera denuncia y qué en este caso ni siquiera se ha demostrado ni alegado que el acusado hubiese sido sorprendido con la presentación en el acto de la vista del testigo aludido. De acuerdo con la doctrina establecida en los casos de *El Pueblo* v. *Alméstico,* 18 D.P.R. 320, y *El Pueblo* v. *Román,* 18 D.P.R. 219, se desestima el error alegado.

Se alega por último que la corte cometió error al no resolver de una manera u otra la admisión o no admisión de algunas preguntas formuladas por el fiscal y objetadas por el abogado defensor. El acusado en ningún momento llamó la atención a la corte para que se resolvieran las objeciones formuladas ni tomó excepción porque la corte dejara de resolverlas.

*Debe confirmarse la sentencia apelada.*